## Bonniwell's Nomination.

*Nomination of candidates—Political parties—Party rules—National committeemen—Act of July 12, 1913.*

1. Where there are a positive statute and a positive party rule providing different methods of selecting national committeemen of a political party, the statutory method prevails.

2. Under the rules of the Democratic Party, national committeemen from Pennsylvania are elected by the State committee, as provided by section 1 of the Act of July 12, 1913, P. L. 719, and not at a primary election.

3. A nomination petition, purporting to nominate a candidate for the office of member of the National Committee of the Democratic Party of the Commonwealth of Pennsylvania, to be voted for at a primary election, will be set aside for material error.

Petition to set aside nomination petition. C. P. Dauphin Co., Jan. T., 1924, No. 599.

*John R. Geyer* and *Paul G. Smith*, for petition.

*Henry C. Niles* and *J. Washington Logue*, for respondent.

*James O. Campbell*, Deputy Attorney-General, for Secretary of the Commonwealth.

*Scott S. Leiby*, for Joseph F. Guffey.

HARGEST, P. J., March 27, 1924.—J. Frank Patterson, a qualified elector and a member of the Democratic Party, presented his petition, asking the court to declare invalid and set aside the nominating petition of Eugene C. Bonniwell as a candidate for the office of Member of the National Committee of the Democratic Party for the Commonwealth of Pennsylvania upon the official primary ballot of the Democratic Party for the spring primary in the year 1924.

The respondent filed a motion to quash the objecting petition and also filed an answer. Upon the hearing the facts were agreed upon.

We find the facts to be as follows: The last National Democratic Convention, held June 29, 1920, adopted the following resolution:

"*Resolved*, That hereafter the National Committee shall consist of one man and one woman from each state and territory, the men members of said com-

mittee to be selected in the manner prescribed by the laws of their respective states and territories, and where there be no statutory provision, that method of selection shall be pursued which conforms to the established party custom and precedents, or to the regularly adopted party rules and regulations. The women members to be selected for the next ensuing year by the delegations to this convention from said states and territories respectively, and thereafter said women members shall be chosen in the same manner as men members are selected, and all vacancies of women members shall be filled in the manner heretofore prescribed for filling vacancies. All such selections shall be acted upon by the Democratic National Convention, and the members of the committee whose selection is ratified and confirmed shall hold office until the adjournment of the next succeeding national convention, or until their successors shall be chosen."

In the Democratic National Convention of 1916, Mr. A. Mitchell Palmer, of Pennsylvania, presented a resolution which was unanimously adopted, in which the provisions as to the election of members of the Democratic National Committee were practically identical with those of the resolution of 1920, the only change in the resolution of 1920 being to provide for the election of women members from each state. In 1916 there was only one member of the National Committee from each state, and in 1916 and 1920 the State Chairman of the Democratic Party of Pennsylvania took the necessary steps and filed a nominating certificate, and the Secretary of the Commonwealth and the county commissioners of the several counties of the State, in accordance therewith, prepared a place on the primary ballot for the election by the Democratic voters of the State of the men members of the National Committee.

1. The respondent contends that the court is without jurisdiction to entertain the objecting petition because, in so far as this controversy is concerned, the nominating petitions cannot be refused or set aside except for "material error or defects apparent on the face thereof," and that no material error or defects appear on the face of this nominating petition.

Section 8 of the Act of July 12, 1913, P. L. 719, provides that "no nomination petition shall be refused or set aside except for (a) material error or defects apparent on the face thereof," etc.

In Roberts's Nomination, 25 Dauphin Co. Reps. 379, 2 D. & C. 236, this court considered the meaning of "material error," and, following Hosenfeld's Nomination, 23 Dauphin Co. Reps. 101, concluded that the words "apparent on the face" applied to "defects" and not to the prior words "material error." We, therefore, concluded that "material error," as used in this section, means any material error.

In Lamb's and Fenton's Nomination Petitions, 251 Pa. 102, petitions for the nomination of mine inspectors were filed with the county commissioners for the fall primary of 1915, and a petition was presented to set aside the nominating petitions on the ground that the office of mine inspector was a state office and that the candidates therefor can only be voted for in even-numbered years. This contention was sustained upon the opinion of the court below, who said, inter alia: "The petition of Mr. Lamb is complete, in that it conforms to every requirement of the law respecting signatures, residences, occupations, dates of signing, affidavits, etc., to the extent of filling every blank space on the printed petition, but its avowed purpose is to have his name printed on the official ballot to be used at the fall primary for the year 1915. We consider this a material error or defect apparent on the face of the peti-

tion. It is material to the qualified voters of the fourth inspection district to nominate at the fall primaries persons for only such offices as the law provides shall be filled at the election to be held in November, 1915; and it is material to all taxpayers also that no expense be incurred in printing useless matter upon official ballots. As well might a candidate for Governor or for the general assembly have his name printed on the official ballot for 1915. Were a petition for such a purpose presented to the county commissioners, they would surely refuse it."

The Supreme Court, in its *per curiam*, further said: "There was, therefore, an error in each nomination paper apparent on its face, and the appellee, a qualified elector of the County of Schuylkill, had a status, without regard to his own party affiliation, to ask the court to prevent any nomination at the primary election for this year by any political party for an office which cannot be filled by the electors until next year."

There is no difference in the principle to be applied to this case. If, under the law, the national committeeman is not to be elected at the primary election, then a "material error" appears upon the face of the nominating petition attempting to secure such an election.

For these reasons we overrule the motion to dismiss the objecting petition.

2. The second contention of the respondent is that the act of assembly being in the alternative, the party rules control, and the member of the National Committee of the Democratic Party must be chosen according to the established party custom and precedents.

Section 1 of the Act of July 12, 1913, P. L. 719, entitled "An act regulating certain political parties," etc., provides, in part, as follows: "National committeemen shall be elected by the State Committee of each respective party, unless the rules of the national party otherwise provide; in which case they shall be elected in the manner provided by the rules of the national party."

The rule of the national party provides that the members of the National Committee shall be "elected in the manner prescribed by the laws of their respective states and territories, and where there be no statutory provision, a method of selection shall be pursued which conforms to the established party custom and precedents or to the regularly adopted party rules and regulations."

If there were both a positive statute and a positive rule of the National Democratic Party providing different methods of selecting the national committeemen, the statutory method would prevail. The difficulty in this case is that the statute refers to the party rules and the party rule refers to the statute. But we do not think there is any conflict. The law is positive. It prescribes the method of election, but it provides that if the rules of the party provide a different method of election, that method may be followed. The statute says that national committeemen *shall* be elected by the State Committee, *unless* the rules of the national party otherwise provide. So when we turn to the rules of the party, we find that if there is a statute, the method prescribed by it must be followed. In other words, the State of Pennsylvania has said to national parties that they may prescribe the method of selecting their own national committeemen if they so desire, but the Democratic Party does not so desire, and has refused to accept this invitation and responsibility. It prefers to have the committeemen elected in the manner prescribed by the law of the state, where there is such law.

The rule of the National Democratic Party provides that the method designated by it shall only be resorted to where there is no statute. Moreover, the

rule of the Democratic Party does not definitely prescribe the method of selection. It provides simply that that method which conforms to the established party custom and precedent shall be followed. If the national party rule had prescribed that the national committeemen should be elected at the primary election, unless the law of the State required otherwise, a different question would be presented. This rule says that the members of the committee shall be selected in the manner prescribed by the laws of their respective states, if there is any such law, and in Pennsylvania there is a manner prescribed by law. The rule further says: "Where there is no statutory provision," the precedent shall be followed. But here there is a statutory provision, and we do not come to the question of precedent. So when we turn to the statute we find a definite method prescribed, "unless the rules of the national party otherwise provide," and, turning to the rules, we find that they "do not otherwise provide" in a case where there is a rule prescribed by statute.

In our view of the case, it is not necessary to discuss the established customs and precedents of the Democratic Party for the selection of the national committeemen from this State.

For these reasons, we think the petition to declare invalid and set aside the nominating petition of Eugene C. Bonniwell must be sustained.

The question in this case could not be decided without determining what the rules of the National Democratic Party provide. The Secretary of the Commonwealth has no machinery for determining such questions, and we, therefore, think he was justified in accepting this petition so that the matter could be properly passed upon by the court.

Now, March 27, 1924, the nominating petition of Eugene C. Bonniwell as a candidate for the office of Member of the National Committee of the Democratic Party for the spring primary in the year 1924 is hereby declared invalid and set aside and the prothonotary is hereby directed to certify a copy of this order to the Secretary of the Commonwealth.

From George R. Barnett, Harrisburg, Pa.